FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2018 NOV -9 PM 2:40
CLERK _____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | | |
|---|---|---|
| UNITED OF OMAHA LIFE INSURANCE COMPANY, | * * * | |
| Plaintiff, | * * | |
| v. | * * | CV 318-010 |
| JONATHAN SEAY, Individually and As Administrator of the Estate Of Lewis E. Seay, Jr., DAVID A. SEAY, SARAH LOU SEAY, and JAEL M. CONNOR, | * * * * * * | |
| Defendants. | * | |

**O R D E R**

Pending before the Court in this interpleader action is a motion for discharge brought by Plaintiff United of Omaha Life Insurance Company ("United"). United also seeks summary judgment against Defendant Jonathan Seay's counterclaims for breach of contract, statutory interest, bad faith penalty, and attorney's fees. The facts relevant to the motion are not in dispute. Rather, the legal import of these facts, i.e., the reasonableness of United's conduct vis-à-vis the undisputed facts, is disputed. For this reason, United's motion for discharge and for summary judgment must be denied as more fully explained below.

# I. BACKGROUND

United issued an accidental death insurance policy covering the life of Lewis E. Seay, Jr. in the amount of $200,000. (Pl.'s St. of Undisputed Material Facts, Doc. No. 26-3, ¶ 1.) Defendant Jonathan Seay, Lewis Seay's brother, was designated as the beneficiary of the Policy. (Id. ¶ 2.) Lewis Seay died on June 1, 2016. (Id. ¶ 4.) The death certificate indicated the manner of death as homicide, specifically Lewis Seay died because of gunshot wounds. (Id. ¶¶ 5, 8.) It is undisputed that as a result of Lewis Seay's death, United was obligated to pay the beneficiary, Jonathan Seay, $200,000. (Id. ¶ 7.) In fact, United received a claim form for the proceeds, dated October 26, 2016, from Jonathan Seay.[1] (Id. ¶ 6.)

Because the death of Lewis Seay was a homicide, United conducted a routine investigation into the claim through the services of a third-party investigative firm, Worldwide Resources, Inc. (Id. ¶ 8.) On November 13, 2016, Special Agent Eugene Howard of the Georgia Bureau of Investigation reported to Worldwide that Jonathan Seay was considered a suspect in the death of Lewis Seay

---

[1] Jonathan Seay's cover letter accompanying the claim form indicates that he had filed a claim on September 1, 2016. (Ans., Doc. No. 20, Ex. A.) There is no evidence of this filing other than Jonathan Seay's hearsay statement in this letter. For purposes of the instant motion, the Court will consider October 26, 2016 to be the date upon which United was notified of his claim.

2

and that no benefits should be paid on the claim. (Id. ¶ 9; see also Doc. No. 26-1, Aff. Of Christine Levine, Ex. B.)

On December 6, 2016, Jonathan Seay sent another letter demanding the payment of the insurance benefits, which suggested that United had 60 days to pay to avoid bad faith penalties. (Ans., Doc. No. 20, Ex. A.) Attached to this letter is a purported Release of Liability, allegedly signed by Lewis and Jonathan Seay's siblings (David A. Seay, Sarah Lou White, and Jael M. Connor), the other named defendants in this case.[2]

On March 23, 2017, a representative of Worldwide again spoke with Special Agent Howard who stated that Jonathan Seay had not been cleared and had not been completely cooperative.[3] (Levine Aff., Ex. C.) Special Agent Howard added that Jonathan Seay appears to be the last person to see Lewis Seay alive and the first to find him deceased. (Id.)

On June 20, 2017, Special Agent Howard advised Worldwide that the circumstances had not changed. (Levine Aff., Ex. E.) On July 27, 2017, Special Agent Howard again advised Worldwide that there

---

[2] United has served the other named defendants in the case but none of them has filed an answer or otherwise appeared.

[3] Defendant Jonathan Seay "disputes" the fact that he had not been cooperative with law enforcement. (Def.'s Resp. to Pl.'s St. of Undisputed Material Facts, Doc. No. 30-1, ¶ 10.) Yet he does not provide any testimony or other evidence to support his contention as required by the Local Rules of this district. (See L.R. 56.1, S.D. Ga. ("Each statement of material fact shall be supported by a citation to the record.")

3

were no changes on the case. (Levine Aff., Ex. F.) He relayed that the District Attorney had sent out subpoenas to life insurance companies to gather information about additional life insurance policies. (Id.) Finally, on October 2, 2017, Special Agent Howard reported to Worldwide that Jonathan Seay is the main person of interest and there were numerous policies on Lewis Seay naming Jonathan Seay as the only beneficiary. (Levine Aff., Ex. G.) Special Agent Howard also reported that Jonathan Seay had refused to take a polygraph test and was not being cooperative. (Id.)

Upon issuing its progress reports regarding the information it obtained from Worldwide, United would put Jonathan Seay's claim "on hold," usually for thirty days at a time. (Levine Aff., Exs. B, C, E, F & G.) United sent periodic letters to Jonathan Seay indicating that it was waiting on additional information before it could process his claim. (Ans., Ex. B.)

On October 24, 2017, Jonathan Seay's attorney wrote a letter to United renewing his demand for payment of the policy benefits and indicating that United could not "lawfully continue to refuse payment on this claim." (Levine Aff., Ex. H.) The letter suggested that United file an interpleader action. (Id.)

On February 6, 2018, United filed the instant interpleader action. Pursuant to this Court's Order, United paid $200,000 in to the Registry of the Court on March 12, 2018, over 16 months from the initial demand letter of October 26, 2016. Following

4

discovery, United filed the instant motion seeking to be discharged from the case and seeking summary judgment on Defendant Jonathan Seay's counterclaims. The Clerk gave the nonmoving party, Defendant Jonathan Seay, notice of the summary judgment motion and the summary judgment rules, of the right to file affidavits or other materials in opposition, and of the consequences of default. (Doc. No. 27.) Therefore, the notice requirements of Griffith v. Wainwright, 772 F.2d 822, 825 (11th Cir. 1985) (per curiam), are satisfied. The time for filing materials in opposition has expired, and the motion is ripe for consideration.

## II. SUMMARY JUDGMENT STANDARD

The Court should grant summary judgment only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The purpose of the summary judgment rule is to dispose of unsupported claims or defenses which, as a matter of law, raise no genuine issues of material fact suitable for trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

In considering a motion for summary judgment, all facts and reasonable inferences are to be construed in favor of the nonmoving party. Hogan v. Allstate Ins. Co., 361 F.3d 621, 625 (11th Cir. 2004). Moreover,

> [t]he mere existence of some factual dispute will not defeat summary judgment unless the factual dispute is *material* to an issue affecting the outcome of the case. The relevant rules of substantive law dictate the materiality of a disputed fact. A genuine issue of material fact does not exist unless there is sufficient evidence favoring the nonmoving party for a reasonable jury to return a verdict in its favor.

<u>Chapman v. AI Transp.</u>, 229 F.3d 1012, 1023 (11th Cir. 2000) (*en banc*) (quoted source omitted) (emphasis supplied). The party opposing the summary judgment motion, however, "may not rest upon the mere allegations or denials in its pleadings. Rather, its responses . . . must set forth specific facts showing that there is a genuine issue to be tried." <u>Walker v. Darby</u>, 911 F.2d 1573, 1576-77 (11th Cir. 1990).

### III. LEGAL ANALYSIS

In its motion, United claims it should be discharged from this case and granted summary judgment on Defendant Jonathan Seay's counterclaim for breach of contract because it has satisfied its obligation under the contract by paying the proceeds into the Registry of the Court. Defendant counters that paying the proceeds is not enough; rather, United's contractual duty was to "pay the beneficiary the proceeds of the policy upon the happening of a covered incident." (Ans. (Countercl. Breach of Contract, ¶ 3).) United's breach was "retaining possession and control over the proceeds" for an unreasonable amount of time. (<u>Id.</u>; <u>see also</u> <u>id.</u>

6

(Countercl. Statutory Interest and Fees, ¶ 3 ("United failed to pay Mr. Seay the proceeds due to him under the policy after formal demand and every demand thereafter . . . .").) Thus, Defendant challenges the timing of United's interpleader action.[4] Defendant adds a claim of bad faith under O.C.G.A. § 33-4-6 and attorney's fees to his claim as well.

The insurance contract at issue - "Accidental Death Insurance Policy" - states the following under its provision "Time of Payment of Claims": "Benefits for a covered loss will be paid as soon as we receive proper written proof of loss." (Compl., Ex. A, at 5.) United does not contend that it did not receive written notice of Lewis Seay's death from Jonathan Seay. Rather, it argues that it was justified to delay payment of his claim based upon the possible application of the Georgia Slayer Statute.[5] That is, should it be determined that Jonathan Seay killed Lewis Seay after it paid the death benefit, United could be open to additional liability to

---

[4] Defendant claims that United owes interest on the $200,000 proceeds amount. Accordingly, Defendant claims that United is also in breach for failing to tender statutorily required interest into the Registry of the Court.

[5] O.C.G.A. § 33-25-13 provides that "[n]o person who commits murder or voluntary manslaughter . . . shall receive the benefits from any insurance policy on the life of the deceased, even though the person so killing . . . be named beneficiary in the insurance policy. . . . All right, interest, estate, and proceeds in such an insurance policy shall go to the other heirs of the deceased who may be entitled thereto by the laws of descent and distribution of this state . . . ."

7

Lewis Seay's heirs. Rather than risk the possibility of double liability, United waited. In Defendant Jonathan Seay's estimation, the waiting was a breach of contract, pointing out that United had the option to pay the proceeds to Jonathan Seay or interplead the funds into the Registry of the Court. By failing to do nothing for an unreasonable amount of time, Defendant Jonathan Seay argues that United breached the insurance contract.

Under the circumstances of this case, this Court cannot conclude that United's delay was reasonable as a matter of law. Indeed, reasonableness is generally a question of fact. See, e.g., Order of United Commercial Travelers of Am. v. Moore, 134 F.2d 558, 560 (5th Cir. 1943) (finding an issue of fact as to whether insurance company's request to perform an autopsy was made within a reasonable time); Hudson v. Omaha Indem. Co., 360 S.E.2d 406 (Ga. Ct. App. 1987) (finding an issue of fact as to whether an insurer's request for an independent medical examination was reasonable, therefore justifying the delay in payment); cf. Trief v. Am. General Life Ins. Co., 444 F. Supp. 2d 1266, 1268 (S.D. Fla. 2006) (applying Florida law, stating that whether the length of time that has elapsed while insurance company evaluates a claim is reasonable is a question of fact).[6] Moreover, the question of

---

[6] Concomitantly, Georgia courts have found a fact question with respect to the reasonableness of an insured's delay in performance. E.g., Progressive Mountain Ins. Co. v. Bishop, 338 790 S.E.2d 91, 95 (Ga. Ct. App. 2016) (whether the delay of an insured in

whether an insurer acted in bad faith ordinarily is a question of fact." E.g., <u>Mitchell v. Globe Life & Accident Ins. Co.</u>, 548 F. Supp. 2d 1385, 1397 (N.D. Ga. 2007) (cited cases omitted). Accordingly, the Court will not grant summary judgment; rather, the issue of United's reasonableness in its delay in bringing this interpleader action, as well as issues of unpaid interest,[7] bad faith penalties, and attorney's fees, shall be determined by a trier of fact.

## IV. CONCLUSION

Upon the foregoing, Plaintiff United's motion for discharge and for summary judgment (doc. no. 26) is hereby **DENIED**. This case shall proceed to trial in due course.

**ORDER ENTERED** at Augusta, Georgia, this ___ day of November, 2018.

_____
UNITED STATES DISTRICT JUDGE

---

providing notice of an accident is reasonable is generally a question of fact); <u>Equitable Life Assurance Soc'y of U.S. v. Studenic</u>, 77 F.3d 412, 416 (11th Cir. 1996), and cases listed therein.

[7] The parties dispute whether Jonathan Seay is entitled to the statutory interest provided for in O.C.G.A. § 33-25-10. The Court defers resolution of this issue.

9