FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2019 MAR 25 PM 3:49
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | | |
|---|---|---|
| UNITED OF OMAHA LIFE INSURANCE COMPANY, | * * * | |
| Plaintiff, | * * | |
| v. | * * | CV 318-010 |
| JONATHAN SEAY, Individually and As Administrator of the Estate Of Lewis E. Seay, Jr., DAVID A. SEAY, SARAH LOU SEAY, and JAEL M. CONNOR, | * * * * * | |
| Defendants. | * * | |

**O R D E R**

On February 6, 2018, Plaintiff United of Omaha Life Insurance Company ("United") brought this interpleader action related to an accidental death insurance policy covering the life of Lewis E. Seay, Jr. in the amount of $200,000. Defendant Jonathan Seay, Lewis Seay's brother, is the beneficiary of the Policy.

On June 1, 2016, Lewis Seay was murdered. Because there was some suspicion of Jonathan Seay in the death of his brother, United did not immediately pay the death benefits. Rather, United eventually paid the $200,000 policy benefit into the registry of this Court on March 12, 2018. Because they are heirs at law,

United named Jonathan Seay and his other siblings (David A. Seay, Sarah Lou White, and Jael M. Connor) as defendants in the case.

Defendants David A. Seay, Sarah Lou White, and Jael M. Connor were served with process but have failed to appear, plead or otherwise defendant the action. Defendant Jonathan Seay answered the interpleader complaint on March 15, 2018, and has fully litigated the case.

On February 21, 2019, upon joint motion from United and Defendant Jonathan Seay, the Court ordered that United pay into the Registry of the Court the sum of $19,254.79, representing interest under the policy. (Doc. No. 35, at 1.) The Court also discharged United from any further liability under or related to the accidental death policy and the death benefits thereunder. (Id. at 2.) United was dismissed from the action, and Jonathan Seay's counterclaims against United were dismissed with prejudice. (Id. at 3.)

On March 15, 2019, the Clerk of Court entered default against David A. Seay, Sarah Lou White, and Jael M. Connor. On March 21, 2019, Defendant Jonathan Seay filed the instant motion for default judgment, seeking the money on deposit in the registry of the Court.

2

"Defendant's default does not in itself warrant the court in entering a default judgment. There must be a sufficient basis in the pleadings for a judgment entered . . . . The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975). A defendant, by his default, is only deemed to have admitted the "plaintiff's well-pleaded allegations of fact." Id. "[T]hree distinct matters [are] essential in considering any default judgment: (1) jurisdiction; (2) liability; and (3) damages." Pitts ex rel. Pitts v. Senecar Sports, Inc., 321 F. Supp. 2d 1353, 1356 (S.D. Ga. 2004).

1. Jurisdiction

The parties in this case are diverse: United is a Nebraska corporation with its principal place of business in Nebraska. (Compl., Doc. No. 1, ¶ 1.) Defendants are all citizens of Georgia. (Id. ¶¶ 2, 4-6.) The amount in controversy exceeds $75,000. The Court therefore has subject matter jurisdiction over this case. Moreover, his Court has personal jurisdiction over Defendant Jonathan Seay because he resides in the State of Georgia.

3

2. Liability

As the disinterested stakeholder, United paid $200,000 into the Registry of the Court because of the death of Lewis E. Seay, Jr. It is undisputed that Jonathan Seay is the sole beneficiary of the accidental death insurance policy. (Compl. ¶ 10.) It is also undisputed that Jonathan Seay filed a timely request for payment under the policy. (Id. ¶ 14.) There is no evidence that any other person has made a claim to the benefits under the policy or to the money in the Registry of the Court. The other named defendants have not appeared to dispute Jonathan Seay's right to the policy benefits.[1] Therefore, Defendant Jonathan Seay has established that he is entitled to the policy benefits.

3. Damages

No evidentiary hearing on damages is required where all essential evidence is already of record. S.E.C. v. Smyth, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005). Here, United's interpleader claim against Defendants was for a sum certain, i.e., the policy

---

[1] In fact, the record contains a purported Release of Liability, allegedly signed by David A. Seay, Sarah Lou White, and Jael M. Connor, in which they disclaim any right to assert a claim to the policy benefits.

4

benefits and interest thereon. Accordingly, default judgment in this amount is proper.

Conclusion

Upon the foregoing, Defendant's motion for default judgment (doc. no. 39) is **GRANTED**. The Clerk of Court is directed to **ENTER JUDGMENT** in favor of Defendant Jonathan Seay in the amount of $219,254.79. **IT IS FURTHER ORDERED** that the Clerk disburse to Jonathan Seay the amount of $219,254.79 plus any accrued interest from the Registry of the Court. The Clerk is further directed to **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia, this 25th day of March, 2019.

UNITED STATES DISTRICT JUDGE